FILED

**NOT FOR PUBLICATION**

SEP 29 2010

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| LEONARDO BELLO-RAMIREZ, | No. 08-74987 |
| Petitioner, | Agency No. A077-973-199 |
| v. | |
| ERIC H. HOLDER, Jr., Attorney General, | MEMORANDUM[*] |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted September 13, 2010[**]

Before:    SILVERMAN, CALLAHAN, and N.R. SMITH, Circuit Judges.

Leonardo Bello-Ramirez, a native and citizen of Mexico, petitions for

review of the Board of Immigration Appeals' ("BIA") order summarily affirming

an immigration judge's decision finding him removable for participating in alien

smuggling. Our jurisdiction is governed by 8 U.S.C. § 1252. We review de novo

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]    The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

claims of due process violations, *Vasquez-Zavala v. Ashcroft*, 324 F.3d 1105, 1107 (9th Cir. 2003), and review for substantial evidence the agency's findings of fact, *Urzua Covarrubias v. Gonzales*, 487 F.3d 742, 744 (9th Cir. 2007). We deny in part and dismiss in part the petition for review.

The agency did not violate due process by according Bello-Ramirez's Form I-213 full weight because the form was probative and its admission was not fundamentally unfair, and the preparing officer testified at the hearing regarding the procedures for creating such forms. *See Espinoza v. INS*, 45 F.3d 308, 310 (9th Cir. 1995) (noting that "[t]he sole test for admission of evidence [in a deportation proceeding] is whether the evidence is probative and its admission is fundamentally fair").

Contrary to Bello-Ramirez's contention, his Form I-213 provides substantial evidence to support the agency's conclusion that he is removable for knowingly engaging in alien smuggling in violation of 8 U.S.C. § 1182(a)(6)(E)(i). *See Urzua Covarrubias*, 487 F.3d at 748-49.

We lack jurisdiction to review Bello-Ramirez's contentions concerning 8 C.F.R. § 287.3(c) and his detention because he failed to exhaust these issues before the BIA. *See Barron v. Ashcroft*, 358 F.3d 674, 678 (9th Cir. 2004).

08-74987

Bello-Ramirez's remaining contentions are not persuasive.

**PETITION FOR REVIEW DENIED in part; DISMISSED in part.**